# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

GARY PACHECO,

       Plaintiff,

vs.                              No. CIV 04-0382 RB/LFG

RANDOLPH T. VAN OTTEN, in his
individual capacity, the CITY OF
ALBUQUERQUE, and JOHN DANTIS,
in his individual and official capacities,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendants' Motion for Summary Judgment on Counts I, II, III, IV, V, and VII of Plaintiff's Second Amended Complaint (Doc. 32), filed on September 21, 2004. Having reviewed the submissions of the parties and the relevant law, the Court finds that the case should be dismissed without prejudice.

## I.    Background.

In February and March 2002, Plaintiff ("Pacheco") was incarcerated at the Bernalillo County Detention Center ("BCDC") as a pretrial detainee. (Def. Ex. A.) On March 2, 2002, Pacheco was involved in an altercation with other inmates. (Pl. Ex. A-6.) Defendant Van Otten was on duty and called for assistance. (Pl. Ex. A-8.) Pacheco and another inmate were taken to the infirmary. (*Id.*) BCDC medical personnel determined that Pacheco needed to go to the University of New Mexico Hospital for evaluation and treatment. (Pl. Ex. A-2.)

Pacheco was transported to the hospital with Officer Joseph Farrell as his escort.  (Pl. Ex. A-8.)  Pacheco had suffered a broken jaw.  At the hospital, Pacheco told Officer Farrell that Van Otten allowed them to fight and did not call for assistance for ten minutes.  (Pl. Ex. A-3.)  On March 3, 2002, Pacheco was returned to BCDC and housed in the infirmary until April 22, 2002.  (Pl. Ex. A-2.)

At all relevant times, BCDC had a written grievance policy and procedure that allows inmates to complain and seek redress for alleged violations of their rights and conditions of confinement.  (Def. Ex. B.)  The policy provides that the grievance must be submitted within five working days of the incident or situation on which the grievance is based.  (Def. Ex. C.)  Pacheco did not file a grievance regarding the March 2, 2002 alleged assault.  (Def. Ex. B)  However,  Pacheco filed grievances concerning medical care he received after he was returned to BCDC.  ( Pl. Ex. D.)

On March 29, 2004, Pacheco filed a complaint for deprivation of civil rights and negligence in state court.  On April 6, 2004, Defendants removed the action to federal court pursuant to 28 U.S.C. §§ 1441(b).  In his second amended complaint, Pacheco alleges that Van Otten failed to protect him from a known danger; Van Otten induced other inmates to assault him; Dantis and the City failed to adequately train and supervise corrections officers; BCDC medical treatment providers denied him medical care in violation of his constitutional rights.  Pacheco also alleges assault and battery and negligence under state law.  Pacheco seeks compensatory damages, punitive damages, pre-judgment interest, attorney fees and costs.  At the time he filed his original action, Pacheco was incarcerated in the Minimum Restrict Unit at the Penitentiary of New Mexico.  (Def. Ex. A.)

Defendants have moved for summary judgment on the grounds that Pacheco failed to exhaust administrative remedies with respect to his federal claims as required by the Prison Litigation Reform

2

Act, 42 U.S.C. § 1997(a), ("PLRA"), and that his state law claims are barred by the New Mexico Tort Claims Act.

Pacheco's counsel attached a Rule 56(f) affidavit to his response, stating that further discovery was necessary to adequately respond to the motion for summary judgment. *See* FED. R. CIV. P. 56(f). After the response was filed, the discovery at issue was completed. Pacheco moved to supplement his response with the additional discovery. The motion to supplement the response was granted and Pacheco's supplemental materials are considered herein.

## II.    Summary Judgment Standard.

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).   "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact.' " *Muñoz v. St. Mary Corwin Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000) (quoting Rule 56(c)).   When applying this standard, the court examines the record and makes all reasonable inferences in the light most favorable to the non-moving party. *Id.*

The movant bears the initial burden of establishing that no genuine issue exists as to any material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (*quoting First Nat'l Bank of Arizona v. Cities Serv. Co.,* 391 U.S. 253, 289 (1968)). The movant's initial burden may be discharged by showing there is an absence of evidence to support the non-

moving party's case.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  When the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying "a lack of evidence for the non movant on an essential element of the non movant's claim."  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998).  Once the movant meets its burden, the burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter.  *See McGarry v. Pitkin Co.*, 175 F.3d 1193, 1201 (10th Cir. 1999).

**III.    Discussion.**

An inmate bringing suit under § 1983 must first exhaust available administrative remedies before seeking relief in federal court.  The PLRA provides, in pertinent part, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

The exhaustion requirement is mandatory,  *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Beaudry v. Corrections Corp. of America*, 331 F.3d 1164, 1167 n. 5 (10th Cir. 2003), and applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.  *Porter*, 534 U.S. at 532.  One of the purposes of the exhaustion requirement is to force an inmate to go through the administrative process, which in turn might afford prison officials the opportunity to take some corrective action that would preclude litigation.  *Booth v. Churner*, 532 U.S. 731, 737 (2001).

Pacheco does not dispute that he failed to formally submit a written grievance about the March 2, 2002  incident.  Pacheco contends that he should be excused from complying with the

4

PLRA because (1) he was never informed of the administrative procedures; (2) at the hospital he told Officer Farrell that Van Otten allowed the inmates to fight for ten minutes before calling for assistance; and (3) administrative remedies were unavailable because Pacheco was taking pain medications during the five-day period for filing a grievance.

The Tenth Circuit has rejected a prisoner's assertion that the government should have advised him of the need to follow prison administrative procedures. *Yousef v. Reno*, 254 F.3d 1214, 1221 (10th Cir. 2001). Pacheco's claim that he exhausted administrative remedies because he informed Officer Farrell about the incident is unsupported. Giving notice of his claims by means other than the prison's available grievance process does not satisfy PLRA's exhaustion requirement. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

The incapacity argument is also unavailing. Pacheco relies on *Days v. Johnson*, 322 F.3d 863 (5th Cir. 2003), where the Fifth Circuit held that: "Administrative remedies are deemed unavailable when (1) an inmate's untimely filing of a grievance is because of a physical injury and (2) the grievance system rejects the inmate's subsequent attempt to exhaust his remedies based on the untimely filing of the grievance." *Days*, 322 F.3d at 868.

Even if the holding in *Days* were the rule in the Tenth Circuit, Pacheco has not shown he was unable to file a grievance due to incapacity. The record establishes that Pacheco was able to describe the incident to Officer Farrell while he was still at the hospital. Moreover, Pacheco did not file a grievance concerning the incident which BCDC officials dismissed as untimely. The incapacity argument is not well-taken in light of Supreme Court precedent "that we will not read futility *or other exceptions* into [PLRA's] statutory exhaustion requirement." *Booth*, 532 U.S. at 741 n.6. (emphasis supplied).

5

Defendants met their initial summary judgment burden by submitting evidence that BCDC had a written grievance procedure and that Pacheco did not exhaust that procedure. (Def. Exs. B and C.) The burden shifted to Pacheco to demonstrate a genuine issue for trial on a material matter. *See McGarry*, 175 F.3d at 1201. Pacheco has failed to meet his burden. Having viewed the record and having resolved all reasonable inferences in the light most favorable to Pacheco, I conclude that there is no authority for waiving or excusing compliance with PLRA's exhaustion requirement in this case.

The Tenth Circuit requires inmates to exhaust fully all of their claims before filing in federal court. *Ross v. County of Bernalillo*, 365 F.3d 1181, 1190 (10th Cir. 2004). The presence of unexhausted claims requires dismissal of the action in its entirety without prejudice. *Id.* Pacheco has failed to exhaust his claims stemming from the March 2, 2002 incident. Therefore, the federal claims will be dismissed without prejudice.

The sole basis of federal jurisdiction in this case is 28 U.S.C. § 1331 (federal question). While the federal claims were pending, this court had supplemental federal jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(a). Upon dismissal of the federal claims, this court may decline to exercise supplemental jurisdiction over state law claims. *See* 28 U.S.C. § 1367(c)(3). "[W]hen a district court dismisses the federal claims, leaving only supplemental state claims, the most common response has been to dismiss the state claim or claims without prejudice." *United States v. Botefuhr*, 309 F.3d 1263, 1273 (10th Cir. 2002) (quotation marks, alterations, and citation omitted). The state law claims will be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3). *See Botefuhr*, 309 F.3d at 1273.

**WHEREFORE,**

      **IT IS ORDERED** that this action is dismissed without prejudice.


_____

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**